■ In the Matter of MARTHA WASHINGTON TENANTS ASSOCIATION, Appellant, v RICHARD ROBERTS et al., Respondents. [739 NYS2d 59] —Order, Supreme Court, New York County (Charles Tejeda, J.), entered June 2, 2000, which denied the petition, brought pursuant to CPLR article 78, to annul a determination of respondent Commissioner of the Department of Housing Preservation and Development (DHPD), dated November 19, 1999, granting a Certificate of No Harassment to respondent hotel owner pursuant to Administrative Code of

the City of New York § 27-198, and dismissed the proceeding, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 2, 2000, which denied petitioner's motion for a preliminary injunction, unanimously dismissed, without costs, as academic.

While we conclude that petitioner tenants' association has standing to challenge respondent's issuance of a Certificate of No Harassment to the owner of the premises in which the association's members are tenants (*see, generally, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775), and that, notwithstanding the substantial completion of the renovations in connection with which the subject Certificate was issued, the mootness doctrine should not be applied to foreclose this appeal, since the issues presented are substantial and likely to recur while typically evading review (*see, Matter of Manhattan Psychiatric Ctr.*, 285 AD2d 189, 191), we find petitioner's challenge to respondent DHPD's issuance of the subject Certificate to be ultimately unavailing. Contrary to petitioner's argument, DHPD was not required to hold a hearing upon the tenants' allegations of harassment prior to issuing the Certificate of No Harassment to respondent owner. Whether a hearing should be held prior to a DHPD determination is generally within the discretion of the DHPD Commissioner (*see, e.g., Matter of Mansions v Higgins*, 189 AD2d 713, 714), and, indeed, the governing Administrative Code section provides only that a hearing upon an application for a no harassment certification "may" be held if the Commissioner has reasonable cause to believe that harassment has occurred (*see*, Administrative Code § 27-2093 [d] [1]). While the DHPD Commissioner was obligated to investigate the tenants' allegations of harassment, the record indicates that he did so, and we perceive no ground upon which his conclusion might be deemed to be arbitrary and capricious and therefore subject to judicial disturbance (*see, Matter of Pezzano v Holland*, 249 AD2d 17). We have considered petitioner's remaining arguments and find them unavailing. Concur—Saxe, J.P., Rosenberger, Ellerin, Wallach and Marlow, JJ.